IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN FLAMER : CIVIL ACTION

v. :

GEORGE W. HILL
CORRECTIONAL FACILITY, et al. : NO. 14-4748

MEMORANDUM

AUGUST September 2, 2014

**PRATTER, J.**

    John Flamer, a prisoner incarcerated at the Howard R. Young Correctional Facility in Wilmington, Delaware, filed this civil action against the George W. Hill Correctional Facility and several other defendants. Currently before the Court is Mr. Flamer's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion.

    According to § 1915(g), which was enacted as part of the Prison Litigation Reform Act, a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1),

1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of Prob. & Parole,* 128 F.3d 143, 144-45 (3d Cir. 1997). Mr. Flamer had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See, e.g., Flamer v. C.I.D.'s Department*, E.D. Pa. Civ. A. No. 95-3154 (dismissing case as frivolous pursuant to 42 U.S.C. § 1915(d)); *Flamer v. PD Office*, E.D. Pa. Civ. A. No. 93-3731 (same); *Flamer v. Christy*, E.D. Pa. Civ. A. No. 92-6060 (same); *Flamer v. Nurse Lucy*, E.D. Pa. Civ. A. No. 92-6027 (same); *Flamer v. Delaware Cnty. Prisons*, E.D. Pa. Civ. A. No. 91-4472 (same); *Flamer v. Delaware Cnty. Prison*, E.D. Pa. Civ. A. No. 91-4470 (same). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

"'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar,* 239 F.3d at 315. "[V]ague, generalized, and unsupported claims" are insufficient to establish that a plaintiff is in imminent danger. *Brown v. City of Phila.*, 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam); *see also Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013). Here, Mr. Flamer alleges that he did not receive adequate medical treatment during the time that he was incarcerated at the George W. Hill Correctional Facility. Because Mr. Flamer is no longer incarcerated at the George W.

Hill Correctional Facility, he is not in "imminent danger" for purposes of § 1915(g).  Accordingly, the Court will deny his motion to proceed *in forma pauperis*.

    An appropriate order follows.